UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH SYRKETT, | : | CIVIL ACTION NO. 3:CV-12-0514 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| B.A. BLEDSOE, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner, Kenneth Syrkett, an inmate currently confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the Eastern District of Pennsylvania. Along with his petition, Syrkett filed an application to proceed in forma pauperis. (Doc. 2). For the reasons set forth below, the Court will grant Petitioner's motion to proceed in forma pauperis, solely for the filing of the petition, and the petition will be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).[1]

**Procedural Background**

On August 17, 1995, a jury in the United States District Court for the Eastern District of Pennsylvania convicted Petitioner of one count of possession of cocaine base ("crack") with intent

---

1. Habeas corpus petitions brought pursuant to § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). In pertinent part, Rule 4 provides: "If it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of carrying and using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). See Syrkett v. United States, Criminal Action No. 2:95-cv-0307 ( E.D. Pa. Dec. 5, 1995). On November 30, 1995, the District Court imposed a sentence of 264 months on the § 841(a)(1) crack cocaine count, plus a concurrent sentence of 120 months on the § 922(g) count, and a mandatory consecutive sentence of 60 months on the § 924(c) count, for a total sentence of 324 months. Id.

Syrkett appealed and the United States Court of Appeals for the Third Circuit vacated the conviction on the § 924(c) count, and remanded the case for proceedings consistent with its decision. Id. On remand, the District Court reimposed the same 264-month sentence for the § 841(a)(1) crack cocaine count, as well as the same 120-month concurrent sentence for the § 922(g) count, for a total sentence of 264 months. Id.

On April 3,1997, Petitioner filed a motion filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on July 2, 1997. Id. On July 24, 1997, Petitioner appealed the denial of his § 2255 Motion and the United States Court of Appeals for the Third Circuit denied his request for a certificate of appealability on October 17, 1997. Id. Petitioner later filed two additional § 2255 Motions, both of which were dismissed, the first for failure to first obtain leave from the Third Circuit Court of Appeals to file a second or successive § 2255 motion and the second for failure to file the motion on the correct form. Id.

On June 26, 2008, Syrkett filed a fourth motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See Syrkett v. United States, Civil No. 2:08-cv-02991. By Order dated October 21, 2008, the petition was dismissed for lack of jurisdiction for Petitioner's failure

to first obtain permission from the Court of Appeals to file a successive petition. Id. On October 24, 2008, Syrkett filed a notice of appeal. Id. By Order dated April 15, 2009, the United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability, finding that his action was correctly dismissed as a second or successive § 2255 motion, filed without a request for authorization to mount a successive collateral attack. Id.

On March 21, 2012, Syrkett filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he again challenges his 1995 conviction and sentence. (Doc. 1, petition).

## DISCUSSION

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Petitioner clearly maintains that his federal conviction and sentence violates his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added).

A motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of

3

Case 3:12-cv-00514-WJN-DB Document 5 Filed 04/27/12 Page 4 of 5

Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It is the petitioner's burden to prove that § 2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Syrkett has not met this burden.

Although Syrkett has filed several motions pursuant to § 2255 motion in the United States District Court for the Eastern District of Pennsylvania, there is no record that he has requested permission from the United States Court of Appeals for the Third Circuit for leave to file a successive petition. Thus, there remains the possibility that Syrkett would be granted permission by the Third Circuit Court of Appeals to file a successive § 2255 motion, if appropriate. Consequently, the Court will dismiss Syrkett's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice, to Petitioner requesting leave to file a second or successive § 2255 motion.

A separate Order will be issued.

Dated: April 27, 2012

United States District Judge